UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joel Gerard Barthlow, and Alexis
N. Barthlow, individually and as
Next Friend of her minor children:    Case No. 16-cv-13791
Beckham Charles Barthlow, and
Myles Henry Barthlow, and             Judith E. Levy
Lydia Elyse Barthlow,                 United States District Judge

                    Plaintiffs,   Mag. Judge Stephanie Dawkins
                                   Davis
v.

International Motor Sports
Association, LLC, d/b/a/ *IMSA*,

                    Defendant.

_____/

## ORDER STRIKING PLAINTIFFS'
## MOTION FOR DECLARATORY RELIEF [12]

On August 8, 2017, plaintiffs filed a motion for declaratory relief on their loss of consortium and loss of society and companionship claims. The motion seeks a declaration that plaintiff Alexis N. Barthlow and the minor children each have the right to proceed to trial on claims of ordinary negligence.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, *upon the filing of an appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added); Fed. R. Civ. P. 57 ("These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201.").

Under Rule 57, plaintiffs seeking a declaratory judgment in federal court do so by filing and serving a complaint, not by filing a freestanding motion for declaratory relief. *See, e.g., Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010); *Kam-Ko Bio-Pharm Trading Co. Ltd-Australia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009).

Several courts have adopted the approach of construing a party's motion for declaratory relief as a "motion for summary judgment on an action for declaratory judgment." *Universal Logistics Sols., Inc. v. Global Keg Rental, LLC*, No. 17-cv-10078, 2017 WL 3205849, at *2 (E.D. Mich. July 28, 2017) (quoting *Kam-Ko Bio Pharm*, 560 F.3d at 943).

In the present case, Count IV of plaintiffs' first amended complaint seeks the court's determination of "[w]hether or not the agreement is enforceable in any manner against [Alexis Barthlow], who never saw nor signed the document nor authorized [Joel Barthlow] to execute it on her behalf; [a]nd if not, the extent to which it may derivatively bar an ordinary negligence claim by [Alexis Barthlow]." (Dkt. 1-2.) Plaintiffs' motion for declaratory relief, however, seeks an order that Alexis Barthlow, individually *and on behalf of her minor children*, has the right to proceed to trial on claims of ordinary negligence. (Dkt. 12.)

If plaintiffs' motion for declaratory relief is construed as a motion for partial summary judgment on the action for declaratory judgment, the Court is limited to ruling on the claims put forth in the first amended complaint and not on the rights of the minor children as requested in the motion.

The Court declines to adopt the approach of construing the motion for declaratory relief as a motion for partial summary judgment, and instead strikes the motion as inconsistent with Fed. R. Civ. P. 57.

If plaintiffs wish to file a motion for partial summary judgment as to the rights of the minor children, they must first move to amend the complaint pursuant to Fed. R. Civ. P. 15. The Court may not award declaratory relief regarding the right to assert a claim where the plaintiffs do not assert that claim in their complaint.

Plaintiffs may file a proper motion for partial summary judgment, either before or after seeking permission to amend the complaint. However, if they do so based upon the current complaint, the motion must be denied at least with respect to the minor children.

Dated: August 18, 2017  
    Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2017.

s/Shawna Burns  
SHAWNA BURNS  
Case Manager